# OREGON RAILROAD & NAVIGATION COMPANY *v.* CAMPBELL, ET AL., CONSTITUTING THE RAILROAD COMMISSION OF OREGON.

## APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF OREGON.

No. 159. Argued April 8, 9, 1912.—Decided June 16, 1913.

A state railroad commission has no power to fix interstate rates, and as in this case the state court has not construed an order of the state commission as relating to or affecting interstate rates this court does not so construe it.

Whether an order of the state commission governs particular shipments depends upon whether the traffic is interstate or intrastate, which must be determined by the facts in each case. The question cannot be determined in advance by general decree.

*Minnesota Rate Cases, ante,* p. 352, followed to effect that an order of a state railroad commission relating wholly to rates on intrastate shipments is not an unconstitutional interference with interstate commerce.

177 Fed. Rep. 318, affirmed.

THE facts, which involve the validity and constitutionality of an order made by the Railroad Commission of Oregon on April 22, 1908, prescribing maximum freight rates on railroads, are stated in the opinion.

*Mr. Maxwell Evarts,* with whom *Mr. W. W. Cotton* was on the brief, for appellant.

*Mr. Joseph N. Teal,* with whom *Mr. A. M. Crawford,* Attorney General of Oregon, and *Mr. Clyde B. Aitchison* were on the brief, for appellees:

The State has exclusive jurisdiction over its internal commerce. *Howard v. Ill. Cent. R. Co.,* 207 U. S. 463; *Milnor v. New Jersey Ry. Co.,* 17 Fed. Cas. 412; *Ex parte*

*Koehler*, 30 Fed. Rep. 867; *Allen* v. *O. R. & N. Co.*, 106 Fed. Rep. 265; *St. Louis & S. F. R. Co.* v. *Hadley*, 168 Fed. Rep. 317; *Woodside* v. *Tonopah & G. R. Co.*, 184 Fed. Rep. 358; *Louisville & N. R. Co.* v. *Siler*, 186 Fed. Rep. 176; *Arkansas Rate Cases*, 187 Fed. Rep. 290; *Sou. Pac. Co.* v. *Campbell*, 189 Fed. Rep. 182; *Gibbons* v. *Ogden*, 9 Wheat. 195; *United States* v. *Chicago R. Co.*, 149 Fed. Rep. 486; *Ex parte Plessy*, 45 La. Ann. 80, 87; *Sands* v. *Manistee Imp. Co.*, 123 U. S. 288; *Willamette Bridge Co.* v. *Hatch*, 125 U. S. 1; *Wabash, St. L. & P. Co.* v. *Illinois*, 118 U. S. 557; *Luxton* v. *North Bridge Co.*, 153 U. S. 525, 532; *Geer* v. *Connecticut*, 161 U. S. 519, 531; *Addyston Pipe Co.* v. *United States*, 175 U. S. 211, 247; *Erie R. R. Co.* v. *Purdy*, 185 U. S. 148; *Atlantic Coast Line* v. *Nor. Car. Com.*, 206 U. S. 1; *People* v. *Butler Street Foundry*, 201 Illinois, 236, 250; *Attorney General* v. *Old Colony R. R. Co.*, 160 Massachusetts, 62; *Chicago Ry. Co.* v. *R. R. Comm.*, 173 Indiana, 469; *Central Trust Co.* v. *Railroad Co.*, 101 N. Y. Supp. 837; *Larabee* v. *Mo. Pac. R. Co.*, 74 Kansas, 808; *State* v. *Jack*, 69 Kansas, 387; *Beardsley* v. *New York, L. E. & W. R. Co.*, 15 App. Div. 251; *Purdy* v. *Erie R. Co.*, 162 N. Y. 42; *N. J. Fruit Exch.* v. *Railroad Co.*, 2 I. C. C. 84, 86; *Hastings* v. *Railroad Co.*, 11 I. C. C. 675, 682; *Farmers' Club* v. *Railroad Co.*, 12 I. C. C. 351.

Railroads are subject as to their state business to state regulation which may be exerted directly by the legislative authority or by administrative bodies, endowed with power to that end. Calvert, Regulation of Commerce, p. 75; Beale & Wyman, Railroad Rates, § 1307; Noyes, American Railroad Rates, 206; Cooke on Commerce Clause, § 23; *Chicago R. Co.* v. *Iowa*, 94 U. S. 155; *Wabash, St. L. & P. R. Co.* v. *Illinois*, 118 U. S. 557; *Georgia R. R. Co.* v. *Smith*, 128 U. S. 174; *C., M. & St. P. R. Co.* v. *Minnesota*, 134 U. S. 418; *Chicago Ry. Co.* v. *Wellman*, 143 U. S. 339; *Covington Bridge Co.* v. *Kentucky*, 154 U. S. 204;

*Reagan* v. *Mercantile Trust Co.*, 154 U. S. 413; *St. Louis* v. *Gill*, 156 U. S. 649; *Smyth* v. *Ames*, 169 U. S. 466; *Dinsmore* v. *Southern Exp. Co.*, 183 U. S. 115; *McLean* v. *Denver & R. G. Ry. Co.*, 203 U. S. 38, 49; *Ware* v. *Mobile Co.*, 209 U. S. 405; *Gulf, Col. & S. F. Ry. Co.* v. *Texas*, 204 U. S. 403; *Atlantic Coast Line* v. *Nor. Car. Corp. Com.*, 206 U. S. 1, 19; *General Oil Co.* v. *Crain*, 209 U. S. 211; *State* v. *Mo. Pac. Ry. Co.*, 76 Kansas, 467 (aff'd 216 U. S. 262); *Southern Ry. Co.* v. *Hunt*, 42 Ind. App. 90; *Commissioner* v. *Wabash Ry. Co.*, 123 Michigan, 669 (aff'd 126 Michigan, 113); *Reagan* v. *Farmers' L. & T. Co.*, 154 U. S. 362, 393; *Stone* v. *Farmers' L. & T. Co.*, 116 U. S. 307; *Houston & T. C. R. Co.* v. *Mayes*, 201 U. S. 321; *McNeill* v. *Southern R. Co.*, 202 U. S. 543; *Mo., K. & T. R. Co.* v. *Haber*, 169 U. S. 613, 635; *Chicago &c. R. Co.* v. *Solan*, 169 U. S. 133; *Penna. R. Co.* v. *Hughes*, 191 U. S. 477; *Northern Securities Case*, 193 U. S. 394; *Oklahoma* v. *Atchison, T. & S. F. R. Co.*, 220 U. S. 277; *Oklahoma* v. *Chicago & Rock Island Ry.*, 220 U. S. 302.

A state law regulating a subject of Federal jurisdiction would be void and a Federal law regulating a subject of state jurisdiction is also void. *Trade Mark Cases*, 100 U. S. 82; *Ill. Cent. R. Co.* v. *McKendree*, 203 U. S. 514; *Howard* v. *Illinois Cent. R. Co.*, 207 U. S. 463.

The Federal Government has no authority over transportation which begins and ends in a particular State. *Baer Bros.* v. *Mo. Pac. R. Co.*, 13 I. C. C. 329; *Hussey* v. *C., R. I. & P. Ry. Co.*, 13 I. C. C. 366; *Haines* v. *C., R. I. & P. Ry. Co.*, 13 I. C. C. 214; *Chandler Cotton Co.* v. *Fort Smith Ry. Co.*, 13 I. C. C. 473; *Morgan* v. *M., K. & T. Ry. Co.*, 12 I. C. C. 525; *Montgomery Freight Bureau* v. *Western Ry.*, 14 I. C. C. 150; *Marshall Oil Co.* v. *C. & N. W. R. Co.*, 14 I. C. C. 210; *Lincoln Commercial Club* v. *C., R. I. & P. Co.*, 13 I. C. C. 319; *Saunders & Co.* v. *Southern Exp. Co.*, 18 I. C. C. 415, 422; *Gulf, Colo. & S. F. R. Co.* v. *Texas*, 204 U. S. 403; *Coe* v. *Errol*, 116 U. S. 525; *Michigan*

*Buggy Co.* v. *G. R. & I. Ry. Co.*, 15 I. C. C. 297; *Howard*
v. *Ill. Cent. R. Co.*, 207 U. S. 463, 502; *Wells-Higman Co.*
v. *Grand Rapids & R. Co.*, 19 I. C. C. 487.

The interference with interstate commerce that is for-
bidden is direct, not that which is remote or indirect.
*Munn* v. *Illinois*, 94 U. S. 113; *Stone* v. *Farmers' L. & T.
Co.*, 116 U. S. 307; *Wabash, St. L. & P. R. Co. v. Illinois*,
118 U. S. 557; *Budd* v. *New York*, 143 U. S. 517; *N. Y.,
L. E. & W. R. Co.* v. *Pennsylvania*, 158 U. S. 439; *Louis-
ville & N. R. Co.* v. *Kentucky*, 161 U. S. 677; *West. Un.
Tel. Co.* v. *James*, 162 U. S. 650; *Hennington* v. *Georgia*,
163 U. S. 299; *Chicago Ry. Co.* v. *Solan*, 169 U. S. 133;
*Lake Shore Ry. Co.* v. *Ohio*, 173 U. S. 285; *Wisconsin Ry.
Co.* v. *Jacobson*, 179 U. S. 287; *Louis. & Nash. R. R. Co.*
v. *Kentucky*, 183 U. S. 503; *McNeill* v. *Southern Ry. Co.*,
202 U. S. 543; *Gulf, Colo. & S. F. Ry. Co.* v. *Texas*, 204
U. S. 403; *Ware* v. *Mobile Co.*, 209 U. S. 405; *New York* v.
*Hesterberg*, 211 U. S. 31; *Mo. Pac. Ry. Co.* v. *Larabee
Flour Mills Co.*, 211 U. S. 612; *Louis. & Nash. R. R. Co.*
v. *Kentucky*, 183 U. S. 503, 518; *Alabama & V. Railway
Co.* v. *Mississippi R. R. Comm.*, 203 U. S. 496; *Covington
Bridge Co.* v. *Kentucky*, 154 U. S. 204, 209; *Houston & Tex.
Cent. Ry. Co.* v. *Mayes*, 201 U. S. 321, 328; *Penna. R. Co.* v.
*Hughes*, 191 U. S. 477, 488.

Interference by the State with interstate commerce
being unlawful will not be presumed. *Chicago I. & L. Ry.
Co.* v. *Railroad Commission*, 95 N. E. Rep. (Ind.) 364, 368;
*N. Y. Cent. R. R. Co.* v. *Int. Comm. Comm.*, 168 Fed. Rep.
131; *Pittsburg R. R. Co.* v. *Railroad Comm.*, 171 Indiana,
189; *Chicago R. R. Co.* v. *Railroad Comm.*, 173 Indiana,
469; *Stone* v. *Farmers' L. & T. Co.*, 116 U. S. 307; *Burling-
ton C. R. & N. R. Co.* v. *Dey*, 82 Iowa, 312, 339; *Howard*
v. *Ill. Cent. R. Co.*, 207 U. S. 463, 509.

When the charge and the actual transportation are con-
fined to the limits of the territory of the State it is not
interstate commerce and is subject to state control. *Mor-*

*gan* v. *M., K. & T. Ry. Co.*, 12 I. C. C. 525, 528; *Montgomery Freight Bureau* v. *Western Ry. of Ala.*, 14 I. C. C. 150; *Marshall Oil Co.* v. *C. & N. W. Ry. Co.*, 14 I. C. C. 210; *Kurtz* v. *Penna. Co.*, 16 I. C. C. 410; *Savannah Bureau* v. *Charleston & Savannah R. R. Co.*, 7 I. C. C. 601; *Gulf, Colo. & S. F. R. Co.* v. *Texas*, 204 U. S. 403; *Dobbs* v. *L. & N. R. Co.*, 18 I. C. C. 210; *Southern Ry. Co.* v. *Hunt*, 83 N. E. Rep. (Ind.) 721; *Wabash, St. L. & Pac. R. Co.* v. *Illinois*, 118 U. S. 557; *Coe* v. *Errol*, 116 U. S. 517; *Brown* v. *Houston*, 114 U. S. 622; *State* v. *Engle*, 34 N. J. L. 425; *State* v. *Carrigan*, 39 N. J. L. 35; *The Daniel Ball*, 10 Wall. 557; *General Oil Co.* v. *Crain*, 209 U. S. 211, 228.

.The law requires all rates to be reasonable, state as well as interstate, and if a carrier uses a local rate in any way as a factor in arriving at an interstate rate it does so knowingly and subject to state control. *Reagan* v. *Mercantile Trust Co.*, 154 U. S. 413; *Reagan* v. *Farmers' L. & T. Co.*, 154 U. S. 362; *Ames* v. *Un. Pac. R. R. Co.*, 64 Fed. Rep. 165, 171; *Armour Packing Co.* v. *United States*, 209 U. S. 56, 82; Beale & Wyman, R. R. Rate Regulation, § 661.

The reasonableness of a local rate ought not to be measured by an interstate rate over the same line where part of the haul was within and part was without the State. *Louis. & Nash. R. Co.* v. *Eubank*, 184 U. S. 27.

A rate is a definite charge for a whole service. *Gulf, Colo. & S. F. R. Co.* v. *Texas*, 204 U. S. 403; *Southern Ry. Co.* v. *Hunt*, 42 Ind. App. 90; *State* v. *Mo. Pac. Ry. Co.*, 76 Kansas, 467; *Coe* v. *Errol*, 116 U. S. 517; *Texas &c. R. Co.* v. *Sabine Tram. Co.*, 121 S. W. Rep. 256; *State* v. *Southern Pacific Co.*, 23 Oregon, 424; *Augusta Brokerage Co.* v. *Cent. of Ga. R. R. Co.*, 5 Ga. App. 187.

Traffic is either state or interstate. *Trammel* v. *Clyde Steamship Co.*, 4 I. C. C. 120, 139; *Wells-Higman Co.* v. *Grand Rapids &c. I. Ry. Co.*, 19 I. C. C. 487; *Dobbs* v. *L. & N. R. Co.*, 18 I. C. C. 210.

A rate fixed by a State which indirectly affects an interstate rate is not an unconstitutional interference with interstate commerce. *Mo. Pac. R. Co.* v. *Kansas*, 216 U. S. 262, 283; *Louisville & N. R. Co.* v. *Siler*, 186 Fed. Rep. 176, 200; *Arkansas Rate Cases*, 187 Fed. Rep. 290, 302; *Gibbons* v. *Ogden*, 6 Wheat. 448; *Employers' Liability Cases*, 207 U. S. 463, 493; *Addyston Pipe Co.* v. *United States*, 175 U. S. 211, 231; *State* v. *Nor. Pac. Ry. Co.*, 120 N. W. Rep. (N. D.) 869; *Nor. Pac. Ry. Co.* v. *North Dakota*, 216 U. S. 579; *L. & N. R. Co.* v. *Kentucky*, 183 U. S. 503; *Perkins* v. *Nor. Pac. Ry. Co.*, 155 Fed. Rep. 453; *Woodside* v. *Tonopah & G. R. Co.*, 184 Fed. Rep. 358; *So. Pac. Co.* v. *Campbell*, 189 Fed. Rep. 182; *Shepard* v. *Nor. Pac. Ry. Co.*, 184 Fed. Rep. 765.

A through rate may properly be lower than the sum of the locals. *Minn. & St. L. R. Co.* v. *Minnesota*, 186 U. S. 257; *Brabham* v. *Atlantic C. L. R. Co.*, 11 I. C. C. 464; *Morgan* v. *M., K. & T. Ry. Co.*, 12 I. C. C. 525; *Montgomery Freight Bureau* v. *Western Ry.*, 14 I. C. C. 150; *Marshall Oil Co.* v. *C. & N. W. R. Co.*, 14 I. C. C. 210.

Courts in cases of doubt will not declare a law unconstitutional. *Fletcher* v. *Peck*, 6 Cranch, 87, 128; *United States* v. *Coombs*, 12 Pet. 72, 76; *Sinking Fund Cases*, 99 U. S. 700, 718; *Nicol* v. *Ames*, 173 U. S. 509, 514; *Buttfield* v. *Stranahan*, 192 U. S. 470, 492; *Interstate Ry. Co.* v. *Massachusetts*, 207 U. S. 79, 88.

Other state acts have been held constitutional. *Railroad Commissioners* v. *Pensacola & A. R. Co.*, 24 Florida, 417, 472; *Storrs* v. *Pensacola & A. R. Co.*, 29 Florida, 617; *Georgia R. Co.* v. *Smith*, 70 Georgia, 694; *S. C.*, 71 Georgia, 863; *Sou. Ind. Ry. Co.* v. *Hunt*, 42 Ind. App. 90; *Sou. Ind. Ry. Co.* v. *Railroad Commission*, 172 Indiana, 113; *Chicago I. & L. R. Co.* v. *Railroad Commission*, 95 N. E. Rep. (Ind.) 364; *State* v. *Mo. Pac. R. Co.*, 76 Kansas, 467, 481; *Michigan C. R. Co.* v. *Railroad Commission*, 160 Michigan, 355, 366; *State* v. *Chicago, M. & St. P. R. Co.*, 38

Minnesota, 281; *State* v. *Great Nor. Ry. Co.*, 100 Minnesota, 445, 476; *Stone* v. *Yazoo & M. V. R. Co.*, 62 Mississippi, 607, 645; *In re Railroad Commission*, 16 Nebraska, 679; *Trustees* v. *Saratoga Gas Co.*, 191 N. Y. 123, 131; *Atlantic Exp. Co.* v. *Wilmington R. R. Co.*, 111 Nor. Car. 463, 472; *Minn. &c. Co.* v. *Railroad Commission*, 136 Wisconsin, 146; *State* v. *Railroad Commission*, 52 Washington, 17, 32.

Legislative power is not unconstitutionally delegated by similar acts. *Miller* v. *New York*, 109 U. S. 385; *Field* v. *Clark*, 143 U. S. 649, 680, 691, 692; *Buttfield* v. *Stranahan*, 192 U. S. 470; *Union Bridge Co.* v. *United States*, 204 U. S. 364, 371; *St. Louis, I. M. & S. R. Co.* v. *Taylor*, 210 U. S. 281, 287; *Oceanic Steam Nav. Co.* v. *Stranahan*, 214 U. S. 320, 339; *Monongahela Bridge Co.* v. *United States*, 216 U. S. 177, 192; *United States* v. *Grimaud*, 220 U. S. 506; *Hannibal Bridge Co.* v. *United States*, 221 U. S. 194; *Int. Comm. Comm.* v. *Brimson*, 154 U. S. 447, 474; *Int. Comm. Comm.* v. *Cincinnati &c. R. Co.*, 167 U. S. 479, 494, 506; *Tex. & Pac. Ry. Co.* v. *Abilene Cotton Oil Co.*, 204 U. S. 426, 438, 448; *Int. Comm. Comm.* v. *Ill. Cent. R. Co.*, 215 U. S. 452; *Balt. & Ohio R. R. Co.* v. *United States*, 215 U. S. 481; *Int. Com. Comm.* v. *C., R. I. & P. Ry. Co.*, 218 U. S. 88; *Int. Com. Comm.* v. *C., B. & Q. Ry. Co.*, 218 U. S. 113; *Sou. Pac. Co.* v. *Int. Com. Comm.*, 219 U. S. 433; *Del., L. & W. R. Co.* v. *Int. Com. Comm.*, 220 U. S. 235.

The action of the commission has the effect of law. *Knoxville* v. *Water Co.*, 212 U. S. 1; *Prentis* v. *Southern R. Co.*, 211 U. S. 210; *Honolulu Rapid Transit Co.* v. *Hawaii*, 211 U. S. 282; *Tex. & Pac. Ry. Co.* v. *Abilene Cotton Oil Co.*, 204 U. S. 426; *Atlantic Coast Line* v. *Nor. Car. Corp. Comm.*, 206 U. S. 1; *Tex. & Pac. Ry. Co.* v. *Mugg*, 202 U. S. 242; *Tex. & Pac. Ry. Co.* v. *Cisco Oil Co.*, 204 U. S. 449.

The power of the legislature is absolute within the limits of the Federal and state constitutions. Cooley, Const. Lim., 7th ed. 236, 241, 257; *St. L., I. M. & S. R. Co.*

v. *Taylor,* 210 U. S. 281, 295; *Int. Comm. Comm.* v. *Ill. Cent. R. Co.,* 215 U. S. 452, 470.

A rate made under legislative authority is presumptively lawful. *Munn* v. *Illinois,* 94 U. S. 113, 123; *Ruggles* v. *Illinois,* 108 U. S. 536, 541; *Sweet* v. *Rechel,* 159 U. S. 380, 392; *Chicago &c. R. Co.* v. *Wellman,* 143 U. S. 339, 344; *San Diego Land Co.* v. *National City,* 174 U. S. 739, 754; *Chicago &c. R. Co.* v. *Tompkins,* 176 U. S. 167, 173; *Louis. & Nash. R. R. Co.* v. *Kentucky,* 183 U. S. 503, 511; *Knoxville* v. *Water Co.,* 212 U. S. 1, 8; *Willcox* v. *Cons. Gas Co.,* 212 U. S. 19.

The legislature may exercise its rate-making power through a commission. Noyes, Am. Railroad Rates, p. 206; 2 Redfield, Railways, 6th ed., p. 606; *Railroad Co.* v. *Cent. of Ga. Ry. Co.,* 170 Fed. Rep. 225.

No rate can be said, as a matter of law, to be unreasonable of itself. *Ill. Cent. R. Co.* v. *Int. Com. Comm.,* 206 U. S. 441; *Tex. & Pac. R. Co.* v. *Int. Com. Comm.,* 162 U. S. 197; *C., N. O. & T. P. R. Co.* v. *Int. Com. Comm.,* 162 U. S. 184.

The commission is an expert body. *Smyth* v. *Ames,* 169 U. S. 466, 527; *East Tenn. V. & G. R. Co.* v. *Int. Comm. Comm.,* 99 Fed. Rep. 52, 64; *Steenerson* v. *G. Nor. Ry. Co.,* 69 Minnesota, 353, 377; *Minn., St. P. &c. Ry. Co.* v. *Railroad Comm.,* 136 Wisconsin, 146.

In passing upon the reasonableness and justice of a rate the conclusions of fact by the commission are conclusive. *Ill. Cent. R. R. Co.* v. *Int. Comm. Comm.,* 215 U. S. 452; *Balt. & Ohio R. R. Co.* v. *United States,* 215 U. S. 481; *So. Pac. Co.* v. *Int. Comm. Comm.,* 219 U. S. 433; *Del., L. & W. R. Co.* v. *Int. Comm. Comm.,* 220 U. S. 235; *Int. Comm. Comm.* v. *Chicago &c. R. Co.,* 218 U. S. 88, 110; *Knoxville* v. *Water Co.,* 212 U. S. 1; *Willcox* v. *Cons. Gas Co.,* 212 U. S. 19; *Monongahela Bridge Co.* v. *United States,* 216 U. S. 177; *Ill. Cent. R. R. Co.* v. *Int. Comm. Comm.,* 206 U. S. 441, 454; *Cincinnati, H. & D. R. Co.* v.

*Int. Comm. Comm.*, 206 U. S. 142, 154; *Cincinnati, N.-O. & T. P. R. Co.* v. *Int. Comm. Comm.*, 162 U. S. 184; *Louis. & Nash. R. Co.* v. *Behlmer*, 175 U. S. 648; *Steenerson* v. *Gt. Nor. Ry. Co.*, 69 Minnesota, 353, 375; *State* v. *C., M. & St. P. Ry. Co.*, 38 Minnesota, 281, 298; *Foreman* v. *Board*, 64 Minnesota, 371; *State* v. *Young*, 29 Minnesota, 474; *Reagan* v. *Farmers' L. & T. Co.*, 154 U. S. 362; *Minn., St. P. &c. Ry. Co.* v. *Railroad Comm.*, 136 Wisconsin, 146; *Chi., R. I. & P. R. Co.* v. *Railway Comm.*, 85 Nebraska, 818, 824; *Spring Valley Water Works* v. *San Francisco*, 82 California, 286, 306; *Jacobson* v. *Wisconsin Ry. Co.*, 71 Minnesota, 519, 529; *Morgan's Ry. Co.* v. *Railroad Comm.*, 109 Louisiana, 247, 265; *In re Amsterdam*, 33 N. Y. Supp. 1009; *People* v. *Railroad Comm.*, 53 App. Div. (N. Y.) 61; *Pensacola R. R. Co.* v. *State*, 25 Florida, 310; *Storrs* v. *Pensacola Ry. Co.*, 29 Florida, 617; *Railroad Comm.* v. *Seaboard Air Line*, 48 Florida, 129.

It is presumed the commission acted lawfully. *Atlantic Coast Line* v. *Florida*, 203 U. S. 256; *Cumberland Co.* v. *Railroad Comm.*, 156 Fed. Rep. 834; *Railroad Tax Cases*, 92 U. S. 575; *State* v. *Savage*, 65 Nebraska, 714, 768; *Re Cruger*, 84 N. Y. 619; *San Jose Gas Co.* v. *January*, 57 California, 614; *Chicago, B. & Q. R. Co.* v. *Babcock*, 204 U. S. 585, 598.

Confiscation cannot be predicated of a single rate or group of rates, but must be judged from the effect on the entire business done within the State. *Willcox* v. *Cons. Gas Co.*, 212 U. S. 19; *Atlantic Coast Line* v. *Nor. Car. Corp. Comm.*, 206 U. S. 1; *Minn. & St. L. R. Co.* v. *Minnesota*, 186 U. S. 257; *St. Louis & S. F. Ry. Co.* v. *Gill*, 156 U. S. 649, 665; *Southern Ry. Co.* v. *Atlanta Stove Co.*, 128 Georgia, 207, 233; *Wisconsin &c. R. Co.* v. *Jacobson*, 71 Minnesota, 519; *State* v. *Mo. Pac. R. Co.*, 76 Kansas, 467; *Pensacola &c. R. Co.* v. *Florida*, 25 Florida, 310; *Morgan's R. Co.* v. *Railroad Comm.*, 109 Louisiana, 247; *People* v. *Railroad Co.*, 176 Illinois, 512; *Union Traction Co.* v. *Chicago*, 199

Illinois, 579; *Reagan. v. Farmers' L. & T. Co.*, 154 U. S. 362, 412; *Smyth v. Ames*, 169 U. S. 466, 544; *San Diego Land Co. v. National City*, 174 U. S. 739; *Covington Turnpike Co. v. Sandford*, 164 U. S. 578, 596; *Jerome Hill Cotton Co. v. M., K. & T. Ry. Co.*, 6 I. C. C. 601; *So. Pac. Co. v. Bartine*, 170 Fed. Rep. 725.

Many elements are to be taken into account in determining the reasonableness of a rate. *Int. Comm. Comm. v. Chic. G. W. Ry. Co.*, 141 Fed. Rep. 1003, 1015; Beale & Wyman, R. R. Rate Regulation, c. XI, § 314; *Imperial Coal Co. v. P. & L. E. R. Co.*, 2 I. C. C. 618; *New Orleans Cotton Exch. v. I. C. R. Co.*, 3 *id.* 534; *Thompson Lumber Co. v. I. C. R. Co.*, 13 *id.* 657; *Dallas Freight Bureau v. G., C. & S. F. Ry. Co.*, 12 *id.* 223; Noyes, Am. R. R. Rates, 25.

A carrier may complain of a reduction of rates by the commission so far as it affects its revenues; but cannot complain that discrimination results to shippers or trade centres from such reduction. *Int. Comm. Comm. v. C., R. I. & P. R. Co.*, 218 U. S. 88, 109; *Clark v. Kansas City*, 176 U. S. 114; *Smiley v. Kansas*, 196 U. S. 447.

MR. JUSTICE HUGHES delivered the opinion of the court.

This suit was brought to restrain the enforcement of an order of the Railroad Commission of Oregon, made April 22, 1908, prescribing maximum freight rates between Portland and other points on the complainant's lines, within the State, east of The Dalles. Demurrers to the bill, and to the amended bill, were sustained. 173 Fed. Rep. 957; 177 Fed. Rep. 318. And from the final decree dismissing the bill the complainant brings this appeal.

The arguments in support of the appeal are addressed to the question whether the order of the commission was an unconstitutional interference with interstate commerce.

It appears from the bill, and from the order of the commission which was made a part of the bill, that the Portland Chamber of Commerce had complained of the complainant's freight tariff and had petitioned the commission to establish reasonable rates for transportation from Portland to points in Oregon. After hearing, the commission found that the existing rates were unreasonably high, ordered their discontinuance and determined the just and reasonable rates to be charged in their stead.

It is insisted that the order applied to interstate traffic, that is, to traffic originating outside the State and still moving, on its transportation from Portland to other points in the State, in interstate commerce. The court below did not so construe the order, and we do not so construe it. The Railroad Commission of Oregon had no power to fix rates for interstate transportation, or any part of it, and we find no ground for the conclusion that it attempted to do so. The order must be taken as applicable solely to intrastate transportation. And, in this view, so far as the averments of the bill attack the order as one which by its terms relates to property transported in interstate commerce, they are insufficient to entitle the complainant to relief.

Whether the order governs particular shipments must depend on the facts of each case, that is, upon the question whether the traffic is interstate or intrastate. If it were sought to compel the application of the intrastate rate to goods which were properly to be regarded as moving in interstate commerce, the complainant would have its remedy. But it would be necessary to show the actual conditions and that the order, although valid in its proper operation, was being misapplied with respect to particular transactions. The bill failed to make a case of this sort. Upon this point the court below said: "If the order be valid, as it is held to be, then all shipments or commerce which are intrastate in character must be controlled by

the order; all that are not are not affected by it. If question arises as to any particular shipment or any particular commodity to be moved, or in process of transportation, it might be settled by carrying the matter to the commission; or, if the commission unlawfully exacts the state rate upon interstate traffic, I see no reason why it may not be enjoined in any court of competent jurisdiction. These special cases must necessarily be determined as they arise, as it is impossible, by a general decree, to determine in advance what specific commodities and the transportation thereof constitute interstate and what intrastate commerce." 177 Fed. Rep. 318, 320.

We are of the opinion that the ruling was right.

Assuming that the order applies exclusively to intrastate transportation, the question with respect to asserted interference with interstate commerce by reason of the relation of intrastate rates to interstate rates is essentially the same as that presented in the *Minnesota Rate Cases, ante,* p. 352, and the same conclusion must be reached.

Other questions are raised by the assignments of error, but they are not pressed in argument and require no discussion.

*Decree affirmed.*